# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **HUNTER SAVAGE** and **ALISA CULLEN**, on behalf of themselves and others similarly situated, | : : : : | |
| **Plaintiffs**, | : : | CASE NO. 2:23-cv-1727 |
| v. | : : | JUDGE |
| **ALTERCARE, INC.**, c/o Eric M. Simon 200 Public Square, Suite 3500 Cleveland, OH 44114 | : : : : : | MAGISTRATE JUDGE **JURY DEMAND ENDORSED HEREON** |
| -and- | : : | |
| **ALTERCARE OF OHIO, INC.**, c/o Sais Corp. 25109 Detroit Road, STE. 310 Westlake, OH 44145 | : : : : : | |
| -and- | : : | |
| **THE SCHROER GROUP, INC.**, c/o Sais Corp. 25109 Detroit Road, STE. 310 Westlake, OH 44145 | : : : : : : | |
| **Defendants**. | : | |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Named Plaintiffs Hunter Savage ("Named Plaintiff Savage") and Alisa Cullen ("Named Plaintiff Cullen") (collectively "Named Plaintiffs") individually and on behalf of other employees similarly situated, for their complaint against Defendants Altercare, Inc. ("Altercare"), Altercare of Ohio, Inc. ("Altercare Ohio"), and The Schroer Group, Inc. ("Schroer"), (collectively "Defendants") for their failure to pay employees wages seeking all available relief under the Fair

Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b), and the claims pursuant to O.R.C. § 4111.03 and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiffs, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff Savage and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the southern District of Ohio, and Defendants conduct substantial business in the Southern District of Ohio.

## II. PARTIES

### Plaintiffs

#### Named Plaintiff Savage

4. Named Plaintiff Savage is an individual, a United States citizen, and a resident of the State of Ohio.

5. Named Plaintiff Savage was employed by Defendants beginning in or around January 2022 until July 2022.

6. Named Plaintiff Savage primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Named Plaintiff Savage was a State Tested Nursing Assistant ("STNA") primarily at Defendants' Altercare of Somerset facility located in Somerset, Ohio.

Named Plaintiff Cullen

8. Named Plaintiff Cullen is an individual, a United States citizen, and a resident of the State of Ohio.

9. Named Plaintiff Cullen was employed by Defendants beginning in or around May 2022 until May 2023.

10. Named Plaintiff Cullen primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

11. At all times relevant, Named Plaintiff Cullen was a Licensed Practical Nurse ("LPN") who worked at Defendants' Altercare of Wadsworth facility located in Wadsworth, Ohio.

12. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and they have given their written consents to bring this collective action to recover unpaid overtime. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). *Consents to be Party Plaintiff*, attached hereto as **Exhibit A**.

Opt-In Plaintiff

13. Additionally, Taylor Watson has given her written consent to participate in this collective action.

14. Opt-In Plaintiff Watson's consent form is being filed alongside the Complaint pursuant to 29 U.S.C. § 216(b). *Opt-In Consent*, attached hereto as **Exhibit B**.

**Defendants**

15. Altercare is a domestic corporation for profit incorporated in Ohio.

16. Altercare Ohio is a domestic corporation for profit incorporated in Ohio (hereinafter, Altercare and Altercare Ohio will be referred to collectively as "Altercare Entities").

17. The Altercare Entities operate community-based senior living communities, located throughout the states of Ohio and Michigan, that offer short-term rehabilitation, memory care, and long-term nursing care to their residents.[1]

18. The Altercare Entities own and operate at least twenty-five (25) senior living communities to provide these services to their residents.[2]

19. Schroer is a domestic corporation for profit incorporated in Ohio.

20. Upon information and belief, Schroer is the parent company of the Altercare Entities.

21. Schroer has 50 years' experience in community-based senior living communities which provides assisted living, rehabilitative therapy, and skilled nursing care to its residents.

22. Because the work performed by Named Plaintiffs and all other hourly healthcare employees benefited Defendants, and also directly or indirectly furthered their joint interests, Defendants are collectively the "joint employers" of Named Plaintiffs and other similarly situated

---

[1] *See* ALTERCARE *ABOUT US*, https://www.altercareonline.com/pages/about-us (last visited May 23, 2023).
[2] Upon information and belief, Altercare Entities' facilities include but may not be limited to Altercare of: Alliance, Big Rapids, Bucyrus, Cambridge, Canal Winchester, Coshocton, Country Lawn, Cuyahoga Falls, Hartville, Lanfair, Louisville, Majora Lane, Mayfield Village, Mentor, Navarre, Newark North, Newark South, Nobles Pond, Post-Acute, Somerset, Summit Acres, Thornville, Wadsworth, Western Reserve, and Zanesville. *See* ALTERCARE *CENTERS*, https://www.altercareonline.com/centers (last visited May 23, 2023).

employees under the FLSA's broad definition of "employer." In the alternative, Defendants constitute a single integrated enterprise.

23. At all relevant times, Defendants suffered or permitted Named Plaintiffs and other similarly situated healthcare employees to work. The work that Named Plaintiffs and other similarly situated healthcare employees performed was primarily for Defendants' benefit.

24. Defendants are/were a single integrated enterprise or joint employers of Named Plaintiffs and all other similarly situated healthcare employees at all of their locations as defined in, or for the purposes of, the FLSA and the Ohio Acts.

25. Defendants maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

26. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers as they jointly operate and provide healthcare services, and they maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

27. Defendants have substantial control over Named Plaintiffs' and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

28. Defendants maintained control, oversight, and direction over Named Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

29. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of their locations

and under all of their entities, including both the named and unnamed entities and policies, practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal break deductions.

30. Defendants operate, control, enterprise, and employ healthcare employees engaged in commerce or in the production of goods for commerce, or they have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

31. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

**Meal Break Deduction Policy**

32. Defendants employ Registered Nurses ("RNs"), Certified Nursing Assistants ("CNAs"), LPNs, STNAs, and other direct care healthcare employees (collectively referred to as "healthcare employees").

33. Defendants maintain an unlawful practice, policy, and/or procedure regarding meal break deductions from their healthcare employees' hours worked, as described hereinafter.

34. Defendants require a daily meal break deduction from Named Plaintiffs' and other healthcare employees' compensable hours worked on each shift regardless of whether they actually took an uninterrupted meal break ("Meal Break Deduction Policy").

35. Defendants' facilities were regularly understaffed, and Named Plaintiffs and Defendants' other healthcare employees were too busy with substantive job duties to take a 30-minute, uninterrupted meal break.

36. Named Plaintiffs and Defendants' other healthcare employees were regularly unable to take an uninterrupted meal break, or otherwise had their meal breaks shortened to less than thirty (30) minutes; however, Defendants still required a daily meal break deduction.

37. Defendants knew or had reason to know they were not compensating Named Plaintiffs and other healthcare employees for working during their meal breaks.

38. Defendants regularly scheduled only one aide or nurse per unit, which ensured that Named Plaintiffs and Defendants' other healthcare employees were unable to take an uninterrupted meal break.

39. Named Plaintiffs and other healthcare employees complained that they were not able to take their breaks. Nevertheless, Defendants required the meal break deductions and informed employees that they were responsible for taking breaks.

40. Defendants did not have an effective process or otherwise did not properly implement an effective process for reporting a missed meal break and receiving compensation for it.

41. Named Plaintiffs and other similarly situated healthcare employees had a meal break deduction in workweeks where they worked more than forty (40) hours, even though they were unable to take a full, uninterrupted meal break.

42. During relevant times, Defendants suffered and permitted the Named Plaintiffs and similarly situated healthcare employees to work overtime in workweeks while not compensating

them overtime premium for all such hours worked because of Defendants' Meal Break Deduction Policy.

## IV. FLSA COLLECTIVE ALLEGATIONS

43. The Named Plaintiffs bring their FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA overtime collective consists of the following:

> All current and former hourly, non-exempt healthcare employees of Defendants who had a meal break deduction during any workweek in which they were paid for at least forty (40) hours of work in the three (3) years preceding the filing of this Complaint and continuing through the final disposition ("FLSA Collective" or "FLSA Collective Members").

44. Named Plaintiffs and putative FLSA Collective Members were all subjected to the same policies or practices described above which resulted in unpaid overtime.

45. During the last three (3) years, Defendants have not paid Named Plaintiffs and other similarly situated healthcare employees all overtime wages earned for the overtime work they performed as a result of Defendants' policies and practices alleged herein.

## V. RULE 23 CLASS ALLEGATIONS

46. Named Plaintiffs bring their Ohio Acts claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of themselves and all other members of the following subclasses:

> All current and former hourly, non-exempt healthcare employees of Defendants who worked in Ohio and had a meal break deduction during any workweek in which they were paid for at least forty (40) hours of work in the two (2) years preceding the filing of this Complaint and continuing through the final disposition ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

47. The Ohio Rule 23 Class includes all current or former non-exempt healthcare employees employed by Defendants throughout the State of Ohio as defined above.

48. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

49. Named Plaintiffs are members of the Ohio Rule 23 Class, and their claims for unpaid overtime wages are typical of the claims of other members of the Ohio Rule 23 Class.

50. Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

51. Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

52. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

53. Questions of law and fact are common to the Ohio Rule 23 Class.

54. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

55. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Rule 23 Class as a whole.

56. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual

members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Acts by failing to pay the Ohio Rule 23 Class certain overtime wages for hours worked in excess of forty (40) hours per week; (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Acts were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class Members for overtime or other compensation that was withheld or otherwise not paid to them.

58. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**VI.** **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective.

61. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

62. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiffs and the FLSA Collective Members.

63. Named Plaintiffs and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s).

64. Named Plaintiffs and the FLSA Collective Members were not fully and properly paid all overtime wages earned because Defendants implemented the Meal Break Deduction Policy described herein.

65. Defendants violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by, *inter alia*, failing to compensate them overtime premium for all overtime hours worked over forty (40) hours in a workweek as described herein.

66. Defendants also violated the FLSA when it failed to maintain accurate payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

67. Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

68. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Collective Members are entitled.

69. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

70. As a direct and proximate result of Defendants' conduct, Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought under the Ohio Wage Act.

73. Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

74. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

75. Named Plaintiffs and the Ohio Rule 23 Class Members regularly worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid the required overtime wages for all of such time spent working because of Defendants' Meal Break Deduction Policy described herein.

76. Named Plaintiffs and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

77. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiffs and the Ohio Rule 23 Class Members were violations of O.R.C. § 4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Ohio Rule 23 Class Members were entitled.

78. For Defendants' violations of O.R.C. § 4111.03, by which Named Plaintiffs and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the Ohio Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. Named Plaintiffs and the Ohio Rule 23 Class Members were employed by Defendants.

81. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

82. The OPPA requires Defendants to timely pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages, including unpaid overtime, pursuant to O.R.C. § 4113.15(A).

83. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

84. The Named Plaintiffs and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

85. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs request judgment against Defendants for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

C. Finding that Defendants failed to keep accurate records and that as a result, Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiffs and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiffs and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

F. Awarding to Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

G. Awarding to Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

H. Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

>Respectfully submitted,
>
>**COFFMAN LEGAL, LLC**
>
>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman (0085586)
>Adam C. Gedling (0085256)
>Kelsie N, Hendren (0100041)
>Tristan N. Hendren (0102298)
>1550 Old Henderson Road, Suite 126
>Columbus, Ohio 43220
>Phone: 614-949-1181
>Fax: 614-386-9964
>Email: mcoffman@mcoffmanlegal.com
>       agedling@mcoffmanlegal.com
>       khendren@mcoffmanlegal.com
>       takers@mcoffmanlegal.com
>
>*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Named Plaintiffs request a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman